UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DUSTIN KENNEY and
JILL KENNEY, as parents and
natural guardians of D.K., a minor,

    Plaintiffs,

v.                                              Case No.: 2:25-cv-786-SPC-DNF

MATTHEW GOETZ, COLLIER
COUNTY SHERIFF'S OFFICE,
COLLIER COUNTY SCHOOL
BOARD, JORGE BADILLO, and
ASHLEY COLOMA,

    Defendants.

## OPINION AND ORDER

Before the Court are two motions to dismiss—one filed by Defendants Matthew Goetz and the Collier County Sheriff's Office (Doc. 18) and one filed by Defendants Jorge Badillo, Ashley Coloma, and the Collier County School Board (Doc. 22).[1] Plaintiffs Dustin and Jill Kenney, on behalf of their minor child, D.K., responded to each motion. (Docs. 32, 33). For the reasons below, the Court grants the motions.

---

[1] All five defendants are collectively referred to as "Defendants."

## Background[2]

This is a civil rights action brought under 42 U.S.C. § 1983 and state-law false-arrest claims. D.K. was a twelve-year-old student at a Collier County school. He pranked another student by taking the student's cell phone and placing it in another student's backpack. Unable to locate his phone, the student filed a complaint that it was missing. Less than a day later, the phone was returned undamaged. D.K. never intended to steal or permanently deprive the student of the cell phone.

As a result of the complaint, Badillo and Coloma (assistant principals at the school), along with Goetz (a Collier County deputy sheriff), questioned D.K. on school property about the incident without his parents' knowledge or consent. Although Badillo, Coloma, and Goetz stated they knew D.K. had not committed a crime, Goetz claimed he had no choice but to arrest D.K. for felony grand theft. Goetz arrested D.K. and transported him to the county jail.

A petition was filed against D.K. in juvenile court, alleging he was delinquent for committing felony grand theft. During the criminal prosecution, Goetz lied about investigating the alleged crime and its results, misrepresented those involved in detaining D.K., and withheld exculpatory

---

[2] The Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to" Plaintiffs. *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009).

evidence. Badillo and Coloma failed to disclose to the state court that D.K. was merely participating in a prank.

Ultimately, at an adjudicatory hearing, the state court granted D.K.'s motion for judgment of acquittal on the grand-theft charge because the State failed to establish the cell phone's value. But based on Defendants' deception, the court found D.K. had committed the lesser offense of petit theft. The court entered a disposition order withholding adjudication of delinquency.

Based on the foregoing, Plaintiffs bring this action on behalf of their minor child, D.K. They bring assert a 42 U.S.C. § 1983 claim against Goetz, alleging he arrested D.K. for felony grand theft without probable cause in violation of the Fourth and Fourteenth Amendments (count I). They assert a false-arrest claim against the Collier County Sheriff's Office under a vicarious liability theory for Goetz's false arrest (count II). Plaintiffs also bring a § 1983 claim against Badillo and Coloma, alleging their questioning of D.K. violated his Fourteenth Amendment right to due process (count IV). And finally, they bring a false-arrest claim against the Collier County School Board based on Badillo and Coloma's conduct (count III). Defendants move to dismiss each claim. (Docs. 18, 22).

## Legal Standard

To survive a Federal Rule of Civil Procedure 12(b)(6) motion, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," do not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See id.* at 570. A claim is facially plausible when a court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

## Analysis

Plaintiffs bring four claims against Defendants. The Court addresses each in turn.

### *§ 1983 against Goetz (count I)*

Plaintiffs allege Goetz "had D.K. seized and arrested for felony grand theft, without probable cause, and in violation of D.K.'s rights under the Fourth and Fourteenth Amendments to the United States Constitution." (Doc. 1 ¶ 20). They contend that Goetz's statement that he knew D.K. had not committed a crime demonstrates a lack of probable cause. In opposition, Goetz argues that

he had actual or arguable probable cause for the arrest, is entitled to qualified immunity, and that Plaintiffs' claim is barred under the *Heck* doctrine.

As a preliminary matter, it is unclear whether Plaintiffs intend to bring their claims against Goetz in his individual or official capacity (or both). "When it is not clear in which capacity the defendants are sued, the course of proceedings typically indicates the nature of the liability sought to be imposed." *Young Apartments, Inc. v. Town of Jupiter, FL*, 529 F.3d 1027, 1047 (11th Cir. 2008) (citation omitted). In analyzing the course of proceedings, "courts consider such factors as the nature of plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims of qualified immunity which serve as an indicator that the defendant had actual knowledge of the potential for individual liability." *Id.*

The course of proceedings suggests Plaintiffs' claim is against Goetz in his individual capacity. Plaintiffs seek monetary damages from Goetz (Doc. 1 at 6), which are available only against government officials sued in their individual capacity. *See Browning v. Buda*, No. 3:18-CV-757-J-34JRK, 2019 WL 2232121, at *3 (M.D. Fla. May 23, 2019) (officer was immune from suit against him in his official capacity seeking monetary damages). Goetz also raises a qualified immunity defense, which protects public officials only in their individual capacity. *See Young*, 529 F.3d at 1047; *Tapley v. Collins*, 211 F.3d

5

1210, 1211 n.2 (11th Cir. 2000) (treating suit as one against defendants in their individual capacities where the complaint was silent, but the parties briefed the issue of qualified immunity). Plaintiffs did not dispute the applicability of the qualified-immunity defense in their response. So the Court is convinced that Plaintiffs' claim is solely against Goetz in his individual capacity.

Goetz argues he is entitled to qualified immunity. To establish qualified immunity, Goetz must show the allegedly unconstitutional conduct occurred while he was acting within the scope of his discretionary authority. *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1199 (11th Cir. 2007). This point is not disputed. The burden then shifts to Plaintiffs to show: (1) Goetz violated a constitutional right, and (2) that the violation was clearly established. *Id*. If Plaintiffs cannot establish that Goetz violated a constitutional right, the qualified immunity inquiry ends. *Id*. at 1200.

The relevant inquiry here is whether Goetz had probable cause to arrest D.K. "An arrest without a warrant and lacking probable cause violates the Constitution and can underpin a § 1983 claim, but the existence of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest." *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 734 (11th Cir. 2010) (citation omitted). "Actual probable cause exists when the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe,

under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Davis v. City of Apopka*, 356 F. Supp. 3d 1366, 1375 (M.D. Fla. 2018) (citations omitted) (cleaned up), *aff'd*, 78 F.4th 1326 (11th Cir. 2023). "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004).

However, "[t]o receive qualified immunity, an officer need not have actual probable cause, but only 'arguable' probable cause." *Brown*, 608 F.3d at 734 (citation omitted). "Arguable probable cause exists where reasonable officers in the same circumstances and possessing the same knowledge as the Defendants could have believed that probable cause existed to arrest Plaintiff." *Id.* (citation and quotation omitted). "Whether an officer possesses probable cause or arguable probable cause depends on the elements of the alleged crime and the operative fact pattern." *Id.* at 735 (citation omitted). "Showing arguable probable cause does not, however, require proving every element of a crime." *Id.* (citation omitted).

The plaintiff bears the burden of establishing the absence of probable cause to succeed on a § 1983 claim. *Rankin v. Evans*, 133 F.3d 1425, 1436 (11th Cir. 1998). To do so, he must show that no reasonably objective police officer would have perceived there to be probable cause under the totality of the circumstances. *Coffin v. Brandau*, 642 F.3d 999, 1006 (11th Cir. 2011). The

7

existence of probable cause "constitutes an absolute bar" to a § 1983 claim for false arrest. *Rankin*, 133 F.3d at 1435.

Goetz arrested D.K. for felony grand theft. Under Florida law, a person commits theft if he knowingly obtains the property of another with intent to, either temporarily or permanently: (a) deprive that person of a right to or a benefit from the property; or (b) appropriate the property to his or her own use or to the use of any person not entitled to the use of the property. Fla. Stat. § 812.014(1). If the stolen property is valued between $750 and $4,999, the person has committed grand theft of the third degree and a felony of the third degree. *Id.* § (2)(c)(1).

There cannot be any real dispute D.K.'s conduct fits within the definition of theft. Plaintiffs' allegations establish that D.K. knowingly took the cell phone from the student to (at least) temporarily deprive him of the phone. The only question is whether the theft constituted felony grand theft, which turns on the cell phone's value. Although the phone's value is unknown, it makes little difference because D.K.'s conduct almost certainly constituted petit theft. *See id.* § 2(f) (petit theft of first degree is stolen property valued between $100 and $749.99). And "[i]f the arresting officer had arguable probable cause to arrest for any offense, qualified immunity will apply." *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1257 (11th Cir. 2010); *D.C. v. Wesby,* 583 U.S. 48, 55 n.2 (2018) ("Because probable cause is an objective standard, an arrest is lawful if

8

the officer had probable cause to arrest for any offense, not just the offense cited at the time of arrest or booking."). So Goetz had at least arguable probable cause to arrest D.K.

What's more, the state court ultimately found D.K. had committed the lesser offense of petit theft. Under Florida law, "[a] judgment of conviction is conclusive evidence of probable cause, unless the judgment was obtained by fraud, perjury, or other corrupt means." *Behm v. Campbell*, 925 So. 2d 1070, 1072 (Fla. Dist. Ct. App. 2006); *see also Stephens v. DeGiovanni*, 852 F.3d 1298, 1319 (11th Cir. 2017) (same). Plaintiffs do not allege the juvenile adjudication was the product of fraud, perjury, or other corrupt means. Thus, the juvenile court's finding that D.K. committed the lesser offense of petit theft establishes Goetz had probable cause for the arrest. *See Henry v. City of Mt. Dora*, No. 5:13-CV-528-OC-30PRL, 2014 WL 5823229, at *10 (M.D. Fla. Nov. 10, 2014), *aff'd*, 688 F. App'x 842 (11th Cir. 2017) ("Because M.E. was found to have violated § 843.02, Fla. Stat., by the juvenile court, under Florida law, probable cause for her arrest is conclusively established."); *cf. Bell v. Jenne*, No. 09-61426-CIV, 2010 WL 989643, at *1 (S.D. Fla. Mar. 16, 2010) (holding the plaintiff's conviction of a lesser-included offense barred his malicious prosecution claim).

Trying to demonstrate a lack of probable cause, Plaintiffs raise two primary arguments. They first point to Goetz's alleged statement at the time

9

of the arrest that he did not believe D.K. committed any crime. But Goetz's state of mind is irrelevant to the existence of probable cause. *See Devenpeck v. Alford*, 543 U.S. 146, 153 (2004) ("Our cases make clear that an arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause.").

Plaintiffs also argue that D.K.'s conduct was just a prank, so he did not possess the requisite intent. "But probable cause does not require officers to rule out a suspect's innocent explanation for suspicious facts." *D.C. v. Wesby*, 583 U.S. 48, 61 (2018); *see also Rankin*, 133 F.3d at 1436 ("An officer, however, need not take every conceivable step at whatever cost, to eliminate the possibility of convicting an innocent person." (cleaned up and citation omitted)). And "[a]lthough theft is a specific intent crime under Florida law, it is not necessary that an officer prove every element of the crime before making an arrest." *Rhodes v. Kollar*, 503 F. App'x 916, 924 (11th Cir. 2013). So the light-hearted nature of D.K.'s crime makes no difference.

Ultimately, Plaintiffs fail to allege any facts demonstrating Goetz lacked probable cause to arrest D.K. This means they cannot show Goetz committed a Fourth Amendment violation. So Goetz is entitled to qualified immunity on

10

the Fourth Amendment claim, and the Court dismisses the claim with prejudice.[3]

Plaintiffs also allege Goetz violated D.K.'s Fourteenth Amendment right by arresting him without probable cause. But such a claim arises under the Fourth Amendment, not the Fourteenth Amendment. So the Court also dismisses this claim with prejudice. *See Bonett v. Cook*, No. 8:20-CV-2106-CEH-TGW, 2021 WL 5114754, at *3 (M.D. Fla. Nov. 3, 2021) ("[B]ecause this claim is premised upon an arrest without probable cause, the relevant constitutional right is the right to be free from an unreasonable seizure under the Fourth Amendment. Thus, the Court will dismiss this claim to the extent that Bonett premises the claim upon a violation of the Fourteenth Amendment.").

*False Arrest against the Collier County Sheriff's Office (count II)*

Plaintiffs bring this state-law claim against the Collier County Sheriff's Office under a vicarious-liability theory based on Goetz's purported unlawful arrest.[4] There are two clear problems with this claim. First, the Collier County Sheriff's Office is not a legal entity subject to suit. *See, e.g.*, *Dean v. Barber*,

---

[3] Because the Court finds qualified immunity applies, it does not reach the *Heck* issue.

[4] Although Plaintiffs do not explicitly state their claim under a *respondeat superior* theory, their complaint suggests as much. (*See* Doc. 1 ¶ 26 (alleging in count II that all acts committed by Goetz were done in the course of his employment with the Collier County Sheriff's Office)).

11

951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit." (citations omitted)); *Taylor v. Hall*, No. 5:25-CV-19-WFJ-PRL, 2025 WL 326678, at *3 (M.D. Fla. Jan. 29, 2025) (dismissing the plaintiff's claims against Citrus County Sheriff's Department because "it is not a legal entity subject to suit"). Regardless, because Goetz did not commit an unlawful arrest, it follows then that the Collier County Sheriff's Office (or the correct entity) is not liable for a false arrest either. *See Hernandez v. Sosa*, No. 11-21479-CIV, 2012 WL 4148890, at *7 (S.D. Fla. July 9, 2012) ("Under Florida law, where an agent or employee is found to have no liability, then a judgment cannot stand against the principal or employer on the basis of vicarious liability or respondeat superior." (citation and quotations omitted)). So the Court dismisses count II with prejudice.

## *§ 1983 against Badillo and Coloma (count IV)*

Plaintiffs allege Badillo and Coloma deprived D.K. of his Fourteenth Amendment right to due process by restraining him against his will, subjecting him to interrogation without his parents' knowledge or consent, and failing to advise him that he was the subject of a felony investigation and entitled to have a lawyer present. These actions purportedly violated his constitutional rights to be free from deprivation of liberty without due process, free from

12

arrest without probable cause, and free from unreasonable seizure of his person.[5]  (Doc. 1 ¶¶ 37–39).

Moving to dismiss this claim, Badillo and Coloma miss the mark. They argue that they cannot be liable for a false arrest because, as school employees, they were not the arresting officers. They also argue the claim is a shotgun pleading,[6] and the *Heck* doctrine bars the claim. But, although it is not entirely clear from the pleadings, Plaintiffs do not seem to bring a false-arrest claim against them. Rather, Plaintiffs bring a Fourteenth Amendment due process claim. And Badillo and Coloma do not address the allegations that they subjected D.K. to interrogation without parental knowledge or consent and failed to advise D.K. of the investigation and his right to an attorney. So Badillo and Coloma's arguments are not exactly pertinent.

In fairness to Badillo and Coloma, their confusion is understandable, as Plaintiffs' complaint is not a model of clarity. For instance, Plaintiffs also allege that Badillo and Coloma violated D.K.'s rights to be free from arrest without probable cause and from unreasonable seizure of his person. (Doc. 1

---

[5] It is unclear if Plaintiffs bring this claim against Badillo and Coloma in their individual or official capacity (or both). For the same reasons discussed in count I, the Court finds count IV is an individual-capacity claim.

[6] They argue Plaintiffs assert multiple claims against them without differentiating their conduct. (Doc. 22 at 5). But "nothing in the pleading rules prohibits lodging the same claim against multiple Defendants if they are all alleged to have participated in the same acts rising to the claim." *Posada v. Aspen Specialty Ins. Co.*, No. 8:22-CV-1578-CEH-AAS, 2023 WL 2711538, at *6 (M.D. Fla. Mar. 30, 2023) (citation omitted). Such is the case here.

13

¶ 39). As mentioned above, these are Fourth Amendment—not Fourteenth Amendment—concerns. *See Bonett*, 2021 WL 5114754, at *3; *see also Powell v. Fravel*, No. 6:16-CV-1630-ORL-37-DCI, 2016 WL 6893944, at *4 (M.D. Fla. Nov. 23, 2016) (explaining "the Due Process Clause of the Fourteenth Amendment does not recognize an unlawful arrest as a constitutional injury for which damages are recoverable under section 1983"). And while Plaintiffs also broadly allege Badillo and Coloma violated D.K.'s right to be free from deprivation of liberty without due process, they do not indicate whether their claim is a substantive or procedural due process claim. Plaintiffs must go back to the drawing board with this claim.

*False Arrest against the Collier County School Board (count III)*

Plaintiffs bring a vicarious liability claim against the Collier County School Board based on Badillo and Colom's purported violations. (Doc. 1 ¶¶ 30–35). But, as noted above, Plaintiffs bring a Fourteenth Amendment claim against Badillo and Coloma, not a Fourth Amendment false-arrest claim. *See Basile v. Massaro*, No. 6:10-CV-993-ORL-36, 2012 WL 3940282, at *3 (M.D. Fla. Sept. 10, 2012) (citing *Albright v. Oliver*, 510 U.S. 266, 274 (1994)) ("The Supreme Court has made it clear that for claims alleging false arrest under the U.S. Constitution, the Fourth Amendment's freedom from seizure applies."). It follows then that the Collier County School Board cannot be held liable under the Fourth Amendment for false arrest based on Badillo and

Coloma's alleged Fourteenth Amendment violations. The Court thus dismisses count III without prejudice.

Accordingly, it is now

**ORDERED:**

1. Defendants Matthew Goetz and the Collier County Sheriff's Office's Motion to Dismiss (Doc. 18) is **GRANTED**.

2. Goetz and the Collier County Sheriff's Office are **DISMISSED with prejudice.** The Clerk is **DIRECTED** to terminate them as defendants.

3. Defendants Jorge Badillo, Ashley Coloma, and the Collier County School Board's Motion to Dismiss (Doc. 22) is **GRANTED in part**.

4. Counts III and IV are **DISMISSED without prejudice**.

5. On or before **February 3, 2026**, Plaintiffs may file an amended complaint as to counts III and IV only. **Failure to do so will cause the Court to dismiss this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida this January 20, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record