UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DUSTIN KENNEY and
JILL KENNEY, as parents and
natural guardians of D.K., a minor,

     Plaintiffs,

v.                                                        Case No.:  2:25-cv-786-SPC-KRH

COLLIER COUNTY SCHOOL
BOARD, JORGE BADILLO, and
ASHLEY COLOMA,

     Defendants.

_____

### **OPINION AND ORDER**

Before the Court is Defendants Jorge Badillo, Ashley Coloma, and the Collier County School Board's ("Defendants") Motion to Dismiss. (Doc. 41). Plaintiffs Dustin and Jill Kenney, on behalf of their minor child, D.K., responded. (Doc. 45). For the reasons below, the Court grants the motion.

This is a civil rights action brought under 42 U.S.C. § 1983.[1] D.K. was a twelve-year-old student at a Collier County school. He pranked another student by taking the student's cell phone and placing it in another student's backpack. Unable to locate his phone, the student filed a complaint that his

---

[1] The Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to" Plaintiffs. *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009).

cell phone was missing.  Less than a day later, the phone was returned undamaged.  D.K. never intended to steal or permanently deprive the student of his cell phone.

As a result of the complaint, Badillo and Coloma (assistant principals at the school) questioned D.K. on school property about the incident without his parents' knowledge or consent.  Badillo and Coloma stated they knew D.K. had not committed a crime.  Nevertheless, the Collier County Sheriff's Office arrested D.K. for felony grand theft.  A petition was filed against D.K. in juvenile court, alleging he was delinquent for committing felony grand theft.  During the criminal prosecution, Badillo and Coloma failed to disclose to the state court that D.K. was merely participating in a prank.

Based on the foregoing, Plaintiffs bring a 42 U.S.C. § 1983 claim against Badillo and Coloma, claiming they violated D.K.'s Fourth Amendment rights (count II) and a vicarious liability claim against the Collier County School Board ("School Board") (count II).  (Doc. 38).  Defendants move to dismiss both claims.  (Doc. 41).

To survive a Federal Rule of Civil Procedure 12(b)(6) motion, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," do not suffice.  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See id.* at 570. A claim is facially plausible when a court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

In count II, Plaintiffs allege Badillo and Coloma violated D.K.'s Fourth Amendment right to procedural due process by restraining D.K. against his will and subjecting him to interrogation without his parents' knowledge and consent. (Doc. 38 ¶¶ 23–25). Although this claim fails for several reasons, the simplest is qualified immunity, which Badillo and Coloma raise. (Doc. 41).

"Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). When a government official operated within the scope of his discretionary authority, the plaintiff bears the burden of "demonstrat[ing] that qualified immunity is not appropriate." *Gray ex rel. Alexander v. Bostic*, 458 F.3d 1295, 1303 (11th Cir.

3

2006) (quoting *Lumley v. City of Dade City*, 327 F.3d 1186, 1194 (11th Cir. 2003)).

The parties do not dispute that Badillo and Coloma acted within the scope of their discretionary authority. So Plaintiffs bear the burden of proving both (1) that Badillo and Coloma violated a statutory or constitutional right and (2) that the right was clearly established at the time of the challenged conduct. *Acosta v. Miami-Dade Cnty.*, 97 F.4th 1233, 1239 (11th Cir. 2024).

Plaintiffs fall well short of establishing Badillo and Coloma violated D.K.'s clearly established rights. The only case Plaintiffs cite involves a clearly established First Amendment right, which has no bearing on this Fourth Amendment case. (*See* Doc. 45 at 3 (citing *Williams v. Alabama State Univ.*, 102 F.3d 1179 (11th Cir. 1997)). Making matters worse, *Williams* found qualified immunity applied and dismissed the plaintiff's complaint. *Id.* at 1183–84). So it is unclear what citing to *Williams* was supposed to accomplish. Plaintiffs argue that Badillo and Coloma's "seizure" of D.K. was unreasonable given they had no reasonable belief D.K. had committed a crime. But, the Court previously found probable cause existed for D.K.'s arrest. (Doc. 37 at 8–11). Because Plaintiffs fail to demonstrate a violation of a clearly established constitutional right, Badillo and Coloma are entitled to qualified immunity, and the Court dismisses count II with prejudice.

As for the vicarious liability claim against the School Board (count I), because Badillo and Coloma are not liable, it follows that the School Board is not vicariously liable either. *See Hernandez v. Sosa*, No. 11-21479-CIV, 2012 WL 4148890, at *7 (S.D. Fla. July 9, 2012) ("Under Florida law, where an agent or employee is found to have no liability, then a judgment cannot stand against the principal or employer on the basis of vicarious liability or respondeat superior." (citation and quotations omitted)). So the Court dismisses count I with prejudice.

Accordingly, it is now

**ORDERED:**

1. Defendants' Motion to Dismiss (Doc. 41) is **GRANTED**.

2. The Clerk is **DIRECTED** to deny all pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida this May 26, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

5